STATE of Vermont v. Patricia SKILLING

[595 A.2d 1346]

No. 90-416

July 12, 1991. Defendant, whose operator's license was suspended as a result of a civil suspension hearing under 23 V.S.A. § 1205, appealed, arguing that the case should have been dismissed for failure to meet statutory time limits and that certain findings are clearly erroneous. It is undisputed that the law enforcement officer involved did not send a notice of suspension to defendant immediately on receiving the test results and did not mail a copy of his affidavit to defendant within seven days of the notice to suspend. See 23 V.S.A. § 1205(b). Nor was the court hearing

held within 30 days of the date of the request for the hearing as required by 23 V.S.A. § 1205(e). We have held that the requirement that the notice be mailed immediately is directory so that "compliance is not essential to a proceeding's validity." *State v. Camolli*, 156 Vt. 208, 214, 591 A.2d 53, 57 (1991). We conclude that the other time limits involved here are also directory because the statute does not specify any consequence for failure to comply. See *In re Mullestein*, 148 Vt. 170, 174, 531 A.2d 890, 892 (1987). Since defendant was not prejudiced by the failure to meet the statutory time limits, the motion to dismiss was properly denied.

Defendant next argues that the evidence could not support a finding, as required by § 1205(f)(2), that the officer informed her of the consequences of "taking and refusing the test substantially as set out in subsection 1202(d)" because the officer used a form that did not fully inform defendant of her rights under § 1202(d)(4). We have reviewed the consent form and find the differences between the language of the statute and the advice given to be technical and inconsequential. We conclude that the officer advised the defendant of her rights "substantially" as set forth in § 1202(d).

Defendant's last claim is that the court erred in concluding that "the testing methods used were valid and reliable and . . . the test results were accurate and accurately evaluated," as required by § 1205(f)(4), because there was no evidence that the officer took the sample pursuant to Vermont Department of Health rules. We do not believe that the statute requires evidence of that specificity before the court can make the findings required by § 1205(g). Of course, defendant is always free to offer evidence that the test was administered in a defective fashion so that the State is required to respond.

*Affirmed.*